621 A.2d 146

**COMMONWEALTH of Pennsylvania**

v.

**Susan Lee FULMER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1992.

Filed March 3, 1993.

John G. Harshman, Warrendale, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

ROWLEY, President Judge:

Susan Lee Fulmer (hereinafter "appellant") appeals from an order dismissing her statutory appeal and upholding her conviction for violating § 3345(a) of the Pennsylvania Motor Vehicle Code [1]. Appellant claims that the trial court erred in the following three particulars: (1) it committed an error of law in failing to require the Commonwealth to follow the citation filing procedure delineated in § 3345(a.1) of the Pennsylvania Motor Vehicle Code; (2) it erred as a matter of law by improperly admitting into evidence, over appellant's timely objection, hearsay testimony regarding allegedly self-incrimi-

---

1. 75 Pa.C.S.A. § 3345(a), Meeting or Overtaking School Bus.

nating statements made by her at her summary trial; and (3) it abused its discretion by improperly questioning appellant as to factual matters while she was attempting to conduct *pro se* cross-examination of a Commonwealth witness despite the fact that she had exercised her constitutional right not to take the stand on her own behalf. After careful review, we reverse the trial court's order and discharge appellant.

On October 17, 1991, at approximately 3:15 p.m., appellant, a school teacher, is alleged to have overtaken a school bus, driven by one Dawn Wolslayer, while its flashing red lights and stop signal arm were activated at a school bus stop. The bus operator did not see the driver of the car which overtook the bus nor could she identify the car's color. However, she testified at trial that she had seen three of the digits on the car's license plate.

On October 18, 1991, the bus operator received a note from the mother of one of her passengers which identified appellant as the driver of the car which had overtaken Wolslayer's bus on the previous day. Wolslayer gave this information to her supervisor, who in turn verbally communicated it to Officer William Leo of the Hampton Township Police Department. Officer Leo testified at trial that he conducted an investigation and then issued a citation.

On November 20, 1991, appellant was found guilty by District Justice Regis Welsh and she filed a timely *pro se* appeal. A *de novo* trial before the Honorable Judge R. Scheib was then held, in which appellant was again adjudged guilty of violating § 3345(a). A fine was imposed. On February 4, 1992, appellant filed a timely post-trial motion in arrest of judgment, which was dismissed following argument. This timely appeal followed.

To our knowledge, the issue of whether section 3345(a.1) of the Motor Vehicle Code *requires* a police officer to file a school bus operator's report with a copy of the citation when the officer first learns of the alleged violation from a school bus operator has not previously been reviewed by this Court. The statute at issue in this case, describing the *procedure* by

which a citation should be issued for a violation of § 3345(a), provides, in pertinent part, as follows:

(a.1) *Reports by school bus operators*—

(1) The operator of a school bus who observes a violation of subsection (a) may prepare a signed, written report which indicates that a violation has occurred. To the extent possible, the report *shall* include the following information:

(i) Information, if any, pertaining to the identity of the alleged violator.

(ii) The license number and color of the vehicle involved in the violation.

(iii) The time and approximate location at which the violation occurred.

(iv) Identification of the vehicle as automobile, station wagon, motor truck, motor bus, motor cycle or other type of vehicle.

(2) Within 48 hours after the violation occurs, the school bus operator *shall* deliver a copy of the report to a police officer having authority to exercise police power in the area where the violation occurred. If the police officer believes that the report establishes a sufficient basis for the issuance of a citation, the officer *shall* file a citation *and the report* with the issuing authority.

(3) A *person* may institute a proceeding pursuant to this subsection or in accordance with any means authorized by the Rules of Criminal Procedure.

75 Pa.C.S.A. § 3345(a) and (a.1) (emphasis added).

Appellant argues that the plain meaning of the above-quoted statute requires that whenever a police officer learns of an alleged violation of § 3345(a) through the report of a school bus driver, as opposed to any other person, the report must be filed with the citation because otherwise, the purpose of the statute would be frustrated[2]. In support of her argu-

---

2. Appellant asserts, and we agree, that the statute was enacted to balance the state's need for apprehending persons suspected of violating § 3345(a) against the potential for abuse or mischief occasioned by permitting other drivers, pedestrians, and/or neighbors to give hearsay

ment, appellant has cited a case decided by the Jefferson County Court of Common Pleas, *Commonwealth v. Charles,* 6 Pa.D. & C. 4th 255 (1990), in which it was held, under facts very similar to those in the instant case, that "when the process is initiated by the report of a school bus operator, such report *must* be filed with the citation since [§ ]3345(a.1) indicates that the report '*shall*' be filed with the citation." *Id.* at 258–259 (emphasis added). While the legal authority cited by appellant is not binding on us, we find it most persuasive.

Although the Commonwealth argues that the procedure of filing a written report with the citation is discretionary because the statute opens by stating that a school bus driver who observes a violation *"may "* prepare a signed, written report indicating occurrence of the violation, our reading of the statute compels us to the same conclusion reached in *Charles.* The statute, when read in its entirety, indicates to us that the *procedure* by which the operator of a school bus must relay information to the proper authorities is *mandatory.* The legislature's use of the word "may" in this statute should be read to mean simply that a school bus operator who observes a violation has the *initial* discretion as to whether or not to *act* on the violation, but that if he or she does choose to act in a manner consistent with bringing the violator to justice, he or she has no discretion in the *manner* in which he or she communicates the information upon which the violation is based to the proper authorities.

Therefore, we now hold that a school bus driver who initiates legal action against the violator of § 3345(a) *must* do so by filing a signed, written report which includes the information enumerated in sub-sections (i) through (iv) of § 3345(a.1). Furthermore, as noted by the court in *Charles,* "[t]here is no indication within the plain meaning of the statute that the police officer is given the discretion to decide whether or not to file the report with the citation." *Id.* at 259. Put simply, "[i]f the police officer believes that the [bus driver's] report establishes a sufficient basis for the issuance

reports which form the basis for a *school bus operator's* communication of the event to the proper citation-issuing authorities.

of a citation, the officer *shall* file a citation *and the report* with the issuing authority." 75 Pa.C.S.A. § 3345(a.1) (emphasis added).

Having decided that the Commonwealth failed to follow the required procedure for filing appellant's citation in the instant case, we need not reach the other two issues raised by appellant in this case. Accordingly, we are constrained to reverse the trial court's order dismissing appellant's motion in arrest of judgment and affirming her summary conviction of 75 Pa.C.S.A. § 3345(a).

Order reversed, citation dismissed, and appellant discharged.