**Commonwealth  v.  Kaiserman**

C.P. of Montgomery County, no. 4098-95.

*Mary MacNeil Killinger,* for the Commonwealth.
*Gerald F. McCormick,* for defendant.

CARPENTER, *J.,* March 28, 1996—

## FACTS AND PROCEDURAL HISTORY

The appellant, Ronald Mark Kaiserman, appeals a February 7, 1996 order of this court directing appellant to pay a fine of $100 and costs for a violation of 75 Pa.C.S. §3345(a) of the Motor Vehicle Code.[1]

The appellant was initially charged with the summary offense of improperly passing a school bus on May 3, 1995 on Hollow Road, Worcester Township, Montgomery County. State police trooper Donald Martin issued a traffic citation to appellant upon the bus driver's report of the incident. Appellant appealed his citation, and after a hearing before the district justice on June 22, 1995, the appellant was found guilty of violation of 75 Pa.C.S. §3345(a). He then appealed his conviction and fine to this court, which, after a summary trial, found the appellant guilty and ordered appellant to pay fines and costs totaling $173.05. The instant appeal followed.

---

1. 75 Pa.C.S. §3345(a) provides in relevant part:

(a) Duty of approaching driver when red signals are flashing— ... the driver of a vehicle meeting or overtaking any school bus stopped on the highway shall stop at least 10 feet before reaching the school bus when the red signal lights are flashing and the side stop signal arms are activated .... The driver shall not proceed until the flashing red signal lights are no longer activated.

## ISSUE

*Whether the trial court properly held that the Commonwealth met its burden of proof on the elements of defendant's offense?*

## DISCUSSION

*The trial court properly found that the Commonwealth met its burden of proof with respect to the violation of 75 Pa.C.S. §3345(a).*

On appeal, the appellant maintains that 75 Pa.C.S. §3345(d) requires a school bus driver to activate the amber warning lights at least 150 feet prior to stopping the bus to discharge or receive children.[2] He then states that the bus driver's testimony reveals that she activated the lights only 100 to 120 feet prior to the stop. From there, the appellant derives an incongruous corollary: because the bus driver did not stop at least 150 feet before the stop, the Commonwealth failed to prove he violated section 3345(a).

All the elements necessary for a conviction under section 3345(a) were adduced at trial. Ms. DeLawrence, the bus driver, testified that she activated her amber warning lights approximately 100 to 120 feet prior to her stop at 1431 Hollow Road. (Notes of Testimony, p. 5.) As she stopped, she activated her red flashing lights. *(Id.)* Further, she testified that the bus was at a complete stop for about four or five seconds, and the young girl she was picking up was attempting to step into the road when the appellant proceeded to run

---

2. 75 Pa.C.S. §3345(d) provides in relevant part:

"The amber visual signals shall be activated by the driver of every school bus not more than 300 feet nor less than 150 feet prior to making a stop for the purpose of receiving or discharging school children . . . ."

the red lights. *(Id.)* Ms. DeLawrence stated that, fearful that the appellant would not stop, she blew the horn, and, fortunately, the child was able to jump back into her driveway. The appellant, however, continued past the bus. *(Id.)* When the red signals on the school bus were flashing and the side signal arms were activated, the appellant had a duty to stop at least 10 feet before reaching the school bus and remain stopped until the signals were no longer activated. See *Commonwealth v. DaSilva,* 440 Pa. Super. 291, 304, 655 A.2d 568, 575 (1995). This court determined that he failed to do so. The appellant's duty was in no way obviated by the bus driver's failure to activate the amber warning lights at 100 or 120 feet rather than 150 feet before stopping.

In his statement of matters complained of, the appellant cites *Commonwealth v. DaSilva* for the proposition that the purpose of section 3345(d) is to provide a warning to other drivers on the road of the imminent stop which will be made by the bus and must then be made by other drivers. (See statement of matters complained of on appeal, p. 1.) In paraphrasing *DaSilva,* though, the appellant leaves out the word "simply." The Superior Court states that the reasoning for requiring bus drivers to activate their amber lights is "simply to provide a warning to other drivers." *Id.* at 304, 655 A.2d at 575. (emphasis added) "Simply" means "merely," "only," to provide a warning. This case does not state that when that warning is not provided within the feet requirements, other drivers on the road are absolved of the duty to stop. Rather, the court in *DaSilva* maintained that when a school bus stops, a stop "must consequently be made by the other drivers." *Id.*

As in the present case, the appellant in *DaSilva* claimed that because the school bus driver failed to

activate the amber warning lights no less than 150 feet prior to making a stop, the appellant could not be found guilty for failing to stop for the school bus. *Id.* Even though the court in *DaSilva* found that the evidence presented by the Commonwealth did in fact indicate that the bus driver failed to activate the amber lights at the required distance,[3] the court held that the appellant could, nevertheless be convicted of violating 75 Pa.C.S. §3345(a). *Id.* at 294, 655 A.2d at 570.

The Motor Vehicle Code has provided motorists with required distances for activating turn signals as well. See 75 Pa.C.S. §3334(b). Are we to conclude, then, using appellant's argument, that a driver who strikes another motorist who activated his turn signal at 90 feet instead of 100 feet is relieved of liability for the ensuing accident? Surely, such an anomalous result was not intended by our legislature. In *Dubrock v. Interstate Motor Freight System,* 143 F.2d 304, *cert. denied,* 65 S.Ct. 119, 323 U.S. 765, 89 L.Ed. 613 (1944), a motorist attempting to make a left turn was struck and killed by a tractor-trailer traveling from the opposite direction. The truck driver argued that it was the decedent's duty under the Motor Vehicle Code to signal his intention to turn. *Id.* at 307. The Third Circuit Court of Appeals found that whether or not the decedent properly signaled was irrelevant since "the truck driver realized, in time to do something about it, that the sedan was about to make a left turn, and hence the purpose of the hand signal *as a warning* was otherwise accomplished." *Id.* Likewise, in the instant case, the appellant realized in

---

3. It is worth noting that in *DaSilva* the bus driver activated her lights only 25 feet before making a stop. *Id.* at 302, 655 A.2d at 574. In the instant case, the appellant was provided with ample warning, as the bus driver activated her warning lights at least 100 feet before stopping.

sufficient time to stop that the bus would be making a stop;[4] thus, the purpose of activating the amber flashing lights was accomplished. Whether the driver activated those lights at 100, 120 or 150 feet is of no consequence. The Commonwealth established that the appellant failed to stop at least 10 feet before reaching the school bus when the red signal lights were flashing and the side stop signal arms were activated. 75 Pa.C.S. §3345(a) requires no more.

## CONCLUSION

Based on the foregoing analysis, this court's order of February 7, 1996, should be affirmed.

---

4. On direct examination, the appellant testified that he observed the bus approaching with its yellow lights activated and "was wondering when is the operator going to turn on the red lights, when does she want me to stop" (Notes of Testimony p. 19.) Clearly, the appellant was warned of the imminent stop the bus was to make.