J-A21044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD POLLACK, | |
| Appellant | No. 3000 EDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000634-2013

BEFORE: BOWES, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 27, 2014**

Ronald Pollack (Appellant) appeals from the judgment of sentence entered October 11, 2013, following his conviction for the summary offense of overtaking a school bus in violation of 75 Pa.C.S. § 3345(a). We affirm.

The trial court summarized the factual background of the case as follows.

> The facts of this matter are rather simple. The incident leading to [Appellant's] citation occurred on March 15, 2013, at approximately 6:55 A.M. The Commonwealth first presented [the testimony of school bus driver Michelle Force (the Bus Driver)] at the summary appeal hearing.
>
> The Bus Driver testified that she activated the yellow lights [on the school bus] upon her approach to the bus stop. Then, the Bus Driver testified that she secured the vehicle by putting on the emergency brake, activated the red lights and extended

---

* Retired Senior Judge assigned to the Superior Court.

the signal arm. After she did those things, she said [Appellant] drove past the bus in the opposite lane of traffic. The Bus Driver said she knew that the lights were actuated since an indicator on the bus was working and she had checked that the lights were working earlier in the day. Finally, the Bus Driver testified that [Appellant's] vehicle was still in front of the bus when the red lights were activated "and he had plenty of time to stop his vehicle." In addition to her observations, [t]he Bus Driver testified that she was approached by Officer Koreck after finishing her bus route and was asked about the incident involving [Appellant]. The Bus Driver later wrote an incident report and filed it with her dispatcher.

Next, the Commonwealth called Officer Koreck. He provided testimony that corroborated the Bus Driver's [t]estimony. Officer Koreck testified that he observed the incident take place and saw [Appellant's] vehicle overtake the school bus approximately four to five seconds after the red lights were actuated. Officer Koreck subsequently pulled [Appellant's] vehicle over and went on to describe how [Appellant] became "verbally combative." Officer Koreck decided not to issue a citation immediately after pulling [Appellant] over so he could first confer with the Bus Driver. He did, however, testify that he clearly saw the incident take place and later filed the citation based on his observations.

After the Commonwealth finished presenting evidence, [Appellant moved] for [j]udgment of [a]cquittal on several grounds that [the trial court] found unpersuasive and denied. [Appellant] took the stand, presented a multitude of photos in support of his case and testified to facts contradicting the testimony of the Bus Driver and Officer Koreck. [Appellant] testified that he passed the school bus when it was slowly coming to a stop, had yellow lights actuated and had not yet extended the signal arm. Ultimately [the trial court] determined that the Commonwealth's witnesses were more credible than [Appellant]. As a result of the pair's corroborating testimony [the trial court] determined that [Appellant] was guilty of overtaking a school bus.

Trial Court Opinion, 12/23/2012, at 2-3 (citations to the record omitted).

Following sentencing,[1] Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following questions to this Court on appeal.

I. Did the [t]rial [c]ourt commit an error as a matter of law and/or abuse its discretion when it both failed to dismiss the charges against [Appellant] and found [Appellant] guilty for the alleged violation of 75 Pa.C.S.[ § 3345], as both the Commonwealth and the bus operator failed to comply with [subsection 3345(a.1)] relative to producing the written report allegedly signed and prepared by the [B]us [D]river relative to the alleged violation?

II. Did the [t]rial [c]ourt commit an error as a matter of law and/or abuse its discretion when it failed to dismiss the charges against [Appellant] for the alleged violation of 75 Pa.C.S.[ § 3345], when the Commonwealth failed to prove the necessary elements of the statutory violation, including but not limited to the Commonwealth's failure to introduce any evidence to prove that the amber signals were actuated by the driver of the school bus not more than 300 feet nor less than 150 feet prior to making a stop for the purpose of receiving or discharging school children, as mandated by the statute?

III. Did the [t]rial [c]ourt commit an error as a matter of law and/or abuse its discretion found [Appellant] guilty of violating 75 Pa.C.S.[ § 3345], as the Commonwealth failed to prove that the amber signals were actuated by the driver of the school bus no more than 300 feet, nor less than 150 feet, prior to making a stop for the purpose of receiving or discharging school children, and as the uncontradicted evidence submitted and admitted in this case showed that the [B]us [D]river actuated the amber

_____

[1] The trial court's docket indicates that the sentence imposed by the magisterial district judge was reimposed by the trial court following the conviction. However, a copy of that order does not appear in the certified record.

- 3 -

lights at a distance greatly outside and beyond the requisite actuation zone required by the statute?

Appellant's Brief at 2 (trial court answers omitted).

We begin by examining the statute at issue. Section 3345 of the vehicle code provides as follows, in relevant part.

**(a) Duty of approaching driver when red signals are flashing.--**[Except on divided highways,] the driver of a vehicle meeting or overtaking any school bus stopped on a highway or trafficway shall stop at least ten feet before reaching the school bus when the red signal lights on the school bus are flashing and the side stop signal arms are activated…. The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety. The driver of a vehicle approaching an intersection at which a school bus is stopped shall stop his vehicle at that intersection until the flashing red signal lights are no longer actuated.

**(a.1) Reports by school bus operators.--**

(1) The operator of a school bus who observes a violation of subsection (a) may prepare a signed, written report which indicates that a violation has occurred. To the extent possible, the report shall include the following information:

(i) Information, if any, pertaining to the identity of the alleged violator.

(ii) The license number and color of the vehicle involved in the violation.

(iii) The time and approximate location at which the violation occurred.

(iv) Identification of the vehicle as an automobile, station wagon, motor truck, motor bus, motorcycle or other type of vehicle.

(2) Within 48 hours after the violation occurs, the school bus operator shall deliver a copy of the report to a police officer having authority to exercise police power in the area where the violation occurred. If the police officer believes that the report establishes a sufficient basis for the issuance of a citation, the officer shall file a citation and the report with the issuing authority. If the issuing authority determines that the report and citation establish a sufficient basis for the issuance of a summons, a summons shall be issued in accordance with general rules governing the institution of proceedings in summary traffic offense cases. The issuing authority shall send the defendant a copy of the citation, together with a statement that it was filed by the police officer named in the citation on the basis of information received.

* * *

**(b) Duty of approaching driver when amber signals are flashing.--** The driver of a vehicle meeting or overtaking any school bus shall proceed past the school bus with caution and shall be prepared to stop when the amber signal lights are flashing.

* * *

**(d) Use of amber signals.**--The amber visual signals shall be actuated by the driver of every school bus not more than 300 feet nor less than 150 feet prior to making a stop for the purpose of receiving or discharging school children and shall remain in operation until the red visual signals are actuated. Amber signals shall not be used unless the red visual signals are to be actuated immediately following.

75 Pa.C.S. § 3345.

Appellant's first argument is that his conviction cannot stand because it was premised upon the Bus Driver's observations and yet he was served with a report from the Bus Driver in compliance with subsection (a.1). In support, Appellant relies heavily upon this Court's decision in

*Commonwealth v. Fulmer*, 621 A.2d 146 (Pa. Super. 1993). In *Fulmer*, a citation was issued after the supervisor of the bus driver who witnessed the violation orally communicated the incident to the police. This Court reversed the conviction and discharged Fulmer based upon the following reasoning.

> The statute, when read in its entirety, indicates to us that the procedure by which the operator of a school bus must relay information to the proper authorities is mandatory. The legislature's use of the word "may" in this statute should be read to mean simply that a school bus operator who observes a violation has the initial discretion as to whether or not to act on the violation, but that if he or she does choose to act in a manner consistent with bringing the violator to justice, he or she has no discretion in the manner in which he or she communicates the information upon which the violation is based to the proper authorities.
>
> Therefore, we now hold that a school bus driver who initiates legal action against the violator of § 3345(a) must do so by filing a signed, written report which includes the information enumerated in sub-sections (i) through (iv) of § 3345(a.1).

*Id.* at 148.

Regarding this argument, Appellant fails to acknowledge, let alone attempt to distinguish, this Court's subsequent decision in *Commonwealth v. Dasilva*, 655 A.2d 568 (Pa. Super. 1995), which is on point and directly adverse to his position.[2]

_____

[2] We remind Appellant that, as a member of the Pennsylvania bar, he owes a duty of candor to this tribunal under Rule 3.3(a)(2) of the Pennsylvania Rules of Professional Conduct.

[I]n the instant case, the police received a report of the incident from a private citizen. They contacted the school bus driver merely for confirmation that the incident had occurred. At trial, the school bus operator testified that she saw a white van approaching the school bus from the opposite side of the street. She then stated that the reason that she did not report the incident was because she "did not have an accurate description nor a plate number" and in cases such as this one, she had been instructed not to file a report. Therefore, the citation filing procedure found in 75 Pa.C.S.A. § 3345(a.1), as interpreted by **Commonwealth v. Fulmer**, is inapplicable because the incident from which the charge arose had been reported by a private citizen and not the school bus operator. Thus, [Dasilva's] … issue is without merit.

**Id.** at 573 (citations omitted).

In the instant case, the charge arose from Officer Koreck's observation of the incident, and not from the report of the school bus driver. That Officer Koreck consulted with the driver, as an additional witness, before he issued the citation does not convert this case into one initiated by the bus driver. It was initiated by the police officer based upon his own observations and suspicion that Appellant violated subsection 3345(a). Thus, **Fulmer** is inapplicable, **Dasilva** controls, and Appellant's argument entitles him to no relief.

Appellant's remaining questions are based upon his contention that the Bus Driver activated the amber lights more than 300 feet from the bus stop, in violation of subsection 3345(d). Appellant argues that the only evidence of the distance over which the bus traveled with its amber lights flashing established that it was 443 feet. Appellant's Brief at 19. Because the Bus Driver activated the amber lights prematurely, Appellant argues, he was

relieved of his duty to stop when she activated the red lights. We discern no merit in Appellant's argument.

Appellant was charged with, and convicted of, violating subsection (a) of the statute for failing to stop when the red lights of the bus were actuated. This appeal does not involve any alleged violation of subsection (b) for failure to approach with caution and to be prepared to stop when approaching a bus flashing yellow lights. The excessive distance over which the amber lights of the bus were flashing simply bears no relation to Appellant's passing the bus when its red lights were actuated. We are not persuaded that Appellant was relieved of his duty to stop more than 10 feet in front of a school bus with red lights flashing and the stop arm extended because, as the Commonwealth aptly quips, "he had too much warning that the bus was about to stop to pick up students." Commonwealth's Brief at 11.

Appellant's argument might make more sense if he claimed that he was given too little notice that he was required to stop. However, even that argument was rejected by this Court in *Dasilva*:

> [Dasilva's] claim that because the operator of the school bus failed to activate the amber lights no less than one hundred, fifty feet prior to making a stop he cannot be found guilty, is meritless. The reason for requiring school bus drivers to activate their amber lights no less than one hundred, fifty feet prior to stopping the school bus to receive or discharge children is simply to provide a warning to other drivers on the road of the imminent stop which will be made by the school bus and must consequently be made by the other drivers.

***Dasilva***, 655 A.2d at 575.   Thus, we have declined to hold that a bus driver's failure to obey subsection (d) in the activation of amber lights absolves a motorist of his or her duty to stop when the red lights are actuated and the stop arm is extended.   The trial court did not commit any error of law or abuse of discretion in convicting Appellant for violation of subsection 3345(a) based upon its acceptance of the testimony of the bus driver and Officer Koreck.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014