J-A11022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WAYNE BROWN, | |
| Appellant | No. 2587 EDA 2014 |

Appeal from the Judgment of Sentence of July 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011431-2013

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                              **FILED MAY 22, 2015**

Appellant, Wayne Brown, appeals from the judgment of sentence entered on July 11, 2014. We affirm.

The trial court ably explained the underlying facts of this case:

> [At approximately 11:40 a.m. on June 18, 2013, Philadelphia] Police Sergeant Tamika Allen went to the 700 block of North 41st [Street] to investigate drug sales. From a confidential location, Sergeant Allen observed [Appellant] sitting on the steps of 731 [North] 41st Street. . . .
>
> At 11:50 a.m., and then again at about 12:05 p.m., Sergeant Allen observed [Appellant] engage in two [] drug related sales with two individuals consisting of brief conversations followed by [Appellant's] acceptance of [United States] currency in exchange for small items. Sergeant Allen relayed her observations to [backup] officers[,] who stopped the two persons who received small items from [Appellant. The police] found the first individual to be in possession of small packets filled with what testing revealed to be heroin.

Police apprehended [Appellant] following the 12:05 p.m. transaction and recovered [18] packets containing heroin from [Appellant's] shoes. Six of the packets contained identical markings to the packets confiscated from the first individual who received small items from [Appellant]. Police also confiscated $329.00 in a search incident to his arrest.

. . .

On May 9, 2014, following a waiver trial before [the trial c]ourt, [Appellant] was found guilty of possession with intent to deliver a controlled substance and knowing and intentional possession of a controlled substance.[1]

Trial Court Opinion, 11/10/14, at 1-2.

The trial court held a sentencing hearing on July 11, 2014. Prior to the imposition of sentence, Appellant's counsel argued that the trial court should sentence Appellant "below the guideline range" because: Appellant is 52 years old; Appellant has been receiving treatment for his drug problem; and, although Appellant "did [receive] a DUI in 2012, . . . his prior contact [with the criminal justice system] before that [wa]s over 23 years ago." N.T. Sentencing, 7/11/14, at 8-9. The trial court sentenced Appellant to serve a term of three to ten years in prison. Appellant did not object to the trial court's sentence following the imposition of sentence. *See id.* at 14.

Following Appellant's sentencing hearing, it appears as though Appellant's privately-retained trial counsel, Michael J. Farrell, Esquire, abandoned Appellant. *See* Trial Court Opinion, 11/10/14, at 2 n.2. Nevertheless, on August 7, 2014, Appellant filed a timely, *pro se* notice of

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

appeal; and, on September 2, 2014, Appellant filed an untimely, *pro se* motion for reconsideration of his sentence.

On September 5, 2014, Stanley R. Krakower, Esquire, entered his appearance on behalf of Appellant. Attorney Krakower prosecuted the current appeal on Appellant's behalf.[2]

Appellant raises the following claims in his counseled brief to this Court:

> [1.] Did Appellant raise the discretionary sentence issue before the trial court, thus satisfying Rule 302(a) of the [Pennsylvania] Rules of Appellate Procedure?
>
> [2.] Does Appellant submit a statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence[?]
>
> [3.] Does Appellant submit reasons why his sentence is "manifestly excessive" and too severe, under all the circumstances?

Appellant's Brief at 2.

Appellant raised one substantive claim on appeal: that "his sentence is 'manifestly excessive' and too severe, under all the circumstances." ***Id.*** This is a challenge to the discretionary aspects of Appellant's sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion."

---

[2] ***See Commonwealth v. Cooper***, 27 A.3d 994, 1006-1007 (Pa. 2011) (holding that an appellant's *pro se* notice of appeal was not a legal nullity, even though it was filed while he was represented by counsel, because to hold otherwise would result in the appeal being quashed).

*Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001).

Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant did not preserve his discretionary aspects of sentencing claim at the trial court level, as Appellant did not object to his sentence following its imposition and Appellant did not file a timely motion to reconsider and modify his sentence. Thus, Appellant waived his discretionary aspects of sentencing claim on appeal.[3, 4, & 5]

---

[3] Within this appeal, Appellant claims that he preserved his discretionary aspects of sentencing claim because he asked for mitigation **before** the trial court imposed the sentence. Therefore, according to Appellant, he raised his discretionary aspects of sentencing claim to the trial court. *See* Appellant's Brief at 3. Appellant's claim fails because, at the time Appellant requested mitigation, the trial court did not yet impose its sentence; thus, the trial court did not yet exercise its discretion in sentencing Appellant. Since
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2015

---

*(Footnote Continued)* ────────────

Appellant's substantive claim on appeal is that the trial court abused its discretion by "failing to consider" certain mitigating factors at sentencing – and since this claim could only logically ripen **after** the trial court imposed Appellant's sentence – Appellant did not preserve his discretionary aspects of sentencing claim by requesting mitigation **before** the trial court imposed the sentence.

[4] Appellant also contends that the trial court should have considered his untimely, *pro se* motion for reconsideration of his sentence.  However, Appellant filed his motion for reconsideration after he filed his notice of appeal and more than 30 days after his sentence was imposed.  Therefore, the trial court did not have jurisdiction to consider Appellant's motion for reconsideration or to grant Appellant any relief on the motion.  **See** Pa.R.A.P. 1701(a) ("[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter"); **Commonwealth v. Dasilva**, 655 A.2d 568 (Pa. Super. 1995) ("[a]s a general rule, a trial court may not modify a final order beyond the [30] day statutory time limit set forth in 42 Pa.C.S.A. § 5505").

[5] Since it appears as though Appellant's trial counsel abandoned Appellant after sentencing, Appellant might be entitled to post-conviction collateral relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.