COMMONWEALTH of Pennsylvania,
Appellee,

v.

David Leroy GILLMORE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 16, 1998.

Filed March 2, 1999.

Lawrence J. Hracho, Reading, for appellant.

Ellen R. West, Asst. Dist. Atty., Reading, for Com., appellee.

Before POPOVICH, SCHILLER and OLSZEWSKI, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Berks County, which followed appellant's conviction for driving while operator's license is suspended or revoked.[1] We affirm.

¶ 2 On May 15, 1997, Officer Timothy Woll of the Cumru Township Police Department stopped a motor vehicle operated by appellant for exceeding the maximum speed limit.[2] Officer Woll requested appellant's driver's license, which he could not produce. At that time, appellant admitted his license had been suspended due to a driving under the influence of alcohol ("DUI") conviction.[3] Officer Woll contacted the police department on his radio, confirmed that appellant's license was under suspension and issued appellant a citation for speeding. He later returned to the police station and telephoned the Pennsylvania Department of Transportation ("Penn–DOT") to verify that appellant's license had been suspended as the result of a DUI offense. That afternoon, Penn–DOT returned his call and confirmed the details of the suspension. Officer Woll then immediately filed the additional citation for driving while license is revoked due to a DUI. Offi-

---

1. 75 Pa.C.S.A. § 1543(b)(1) (driving while licensed revoked for a violation of driving under influence of alcohol or controlled substance).

2. 75 Pa.C.S.A. § 3362(a)(3).

3. 75 Pa.C.S.A. § 3731.

cer Woll did not possess a copy of appellant's certified driving record when he filed the citation.

¶ 3 A summary trial took place on July 22, 1997, before the district justice. Appellant entered guilty pleas to both offenses and subsequently filed a timely notice of appeal. The Court of Common Pleas held a summary trial *de novo* on April 14, 1998, found appellant guilty of driving while license is revoked due to a DUI, sentenced him to serve a term of imprisonment of ninety days and imposed certain fines. This timely appeal followed, wherein appellant raises a single issue for our review: Whether the trial court should have dismissed the citation for driving while operator's license is suspended due to a DUI conviction because the officer failed to comply with the verification provisions of 75 Pa. C.S.A. § 1543(d)?

■ ¶ 4 Appellant contends Officer Woll failed to comply with the verification provisions in that he filed the citation prior to the receipt of appellant's certified driving record from Penn–DOT. Section 1543(d) of the Motor Vehicle Code provides:

> **(d) Citation of appropriate subsection.**—Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

75 Pa.C.S.A. § 1543(d). The purpose of this requirement is to ensure that a violator is properly notified that, in addition to the penalties for violation of § 1543(a), the harsher penalties of § 1543(b) apply in his case.[4] *See Commonwealth v. Heckman*, 404 Pa.Super. 335, 590 A.2d 1261, 1264 (1991). Prior to the enactment of § 1543(d), several court decisions held that when "only a § 1543(a) citation was filed at the time of the offense, absent an amendment or supplemental cita-

tion filed prior to the hearing, a defendant could neither be convicted at the hearing of a § 1543(b) violation, nor subject to its mandatory penalties, even where information obtained subsequent to the original filing established that § 1543(b) was applicable." *Id.*

¶ 5 Appellant argues that the officer's failure to comply strictly with § 1543(d) is a fatal defect, which requires dismissal of the charge. In *Commonwealth v. Powers*, 452 Pa.Super. 74, 681 A.2d 192 (1996), this court rejected an identical claim. We found dismissal unwarranted because no prejudice resulted from the officer's failure to obtain the certified driving record prior to filing the citation. Appellant contends that, *Powers* notwithstanding, our holding in *Commonwealth v. Fulmer*, 423 Pa.Super. 338, 621 A.2d 146 (1993), requires dismissal of summary charges whenever the police fail to conform with the requisite procedure and regardless of whether the procedural defect actually prejudices the accused. Appellant also suggests that our holding in *Powers* has been implicitly overruled by *Commonwealth v. Geyer*, 546 Pa. 586, 687 A.2d 815 (1996).

¶ 6 We are not convinced that *Fulmer* dispenses with the prejudice requirement in all cases where law enforcement officers fail to comply strictly with statutory procedures. Granted, in *Fulmer*, this court dismissed a citation for overtaking a school bus [5] due to the citing officer's failure to file a report completed by the operator of the bus along with his citation when the relevant statute required the officer to do so. The citation issued to Fulmer was based upon the hearsay statements of the mother of one of the bus driver's passengers, which were conveyed to the bus driver and then reported to police. We found that § 3345(a.1) of the Motor Vehicle Code was "enacted to balance the state's need for apprehending persons suspected of [overtaking school buses] against the potential for abuse or mischief

---

**4.** When an individual drives while his operating privileges have been suspended, revoked or cancelled, he is in violation of § 1543(a), which carries a fine of $ 200. However, when the offender's license is under suspension or revoked because of certain enumerated offenses, such as driving while under the influence of alcohol, he

is then in violation of subsection (b), which carries a fine of $ 1000 and a prison term of not less than ninety days. 75 Pa.C.S.A. § 1543(a) and (b).

**5.** 75 Pa.C.S.A. § 3345(a).

occasioned by permitting [others] to give hearsay reports which form the basis for a *school bus operator's* communication of the event to the proper citation-issuing authorities." *Fulmer*, 621 A.2d at 147 n. 2. Since the defendant in *Fulmer* suffered the very prejudice the statutory requirement sought to prevent, dismissal of the charge was necessary. *See Fulmer*, 621 A.2d at 147–48. Contrary to appellant's assertions, *Fulmer* does not require the dismissal of a summary citation irrespective of whether the defendant suffered actual prejudice as a result of the procedural defect. *See* Pa. R. Crim P. 90 (A case shall not "be dismissed because of a defect in the form or content of a ... citation ... unless ... the defect is prejudicial to the rights of the defendant."); *see also, Commonwealth v. Neitzel*, 451 Pa.Super. 1, 678 A.2d 369, 374–75 (1996) (prejudice necessary for discharge due to defect cannot be found where citation's content, taken as a whole, prevented surprise as to nature of summary offenses of which defendant was found guilty); *Commonwealth v. Borriello*, 696 A.2d 1215, 1217–18 (Pa.Cmwlth.1997) (showing of actual prejudice required before summary case can be dismissed for defects in citation), *appeal granted*, 550 Pa. 722, 706 A.2d 1214 (1998).

¶ 7 Appellant also urges that, pursuant to *Geyer*, 546 Pa. 586, 687 A.2d 815; *Heckman*, 404 Pa.Super. 335, 590 A.2d 1261; *Commonwealth v. Elisco*, 446 Pa.Super. 291, 666 A.2d 739 (1995) and *Commonwealth v. Rankin*, 715 A.2d 442 (Pa.Super.1998), the trial court should have dismissed the citation. Although a cursory reading of these cases may appear to support appellant's argument, we find them factually distinguishable. All but one of the cases address whether a police officer unreasonably *delayed* filing a citation for driving while license is suspended due to a DUI-related offense. The convictions in *Heckman, Rankin* and *Geyer* were upheld because the officer filed the § 1543(b) citation less than thirty days after the offense became known, that is, within thirty days after the receipt of the certified driving rec-

ord. *See Heckman*, 590 A.2d at 1264, *Geyer*, 546 Pa. at 588–90, 687 A.2d at 818; *Rankin*, 715 A.2d at 444–46.

¶ 8 In *Heckman*, this court first considered when the statute of limitations for § 1543(b) violations commenced.[6] Heckman argued that the statute of limitations commenced on the date of the offense and, since the officer issued the § 1543(b) citation more than thirty days after the original stop, the citation should have been dismissed. This court disagreed, and held that the statute of limitations did not commence until the officer received verification in the form of a certified driving record from Penn–DOT. *See Heckman*, 590 A.2d at 1263–64; *see also, Geyer*, 546 Pa. at 594, 687 A.2d at 818 (expressly endorsing this interpretation).

¶ 9 In *Geyer*, a state trooper had stopped the defendant and issued him a citation for speeding. During the stop, Geyer admitted his license was suspended. Geyer subsequently pleaded guilty to the speeding violation and paid the fine by mail. Meanwhile, the trooper requested and received Geyer's certified driving record from Penn–DOT. Approximately one week after the district justice accepted Geyer's guilty plea but less than two weeks after the officer received Geyer's certified driving record, the trooper filed a citation for driving while operating privileges were suspended due to a DUI-related conviction. On appeal, Geyer argued that the § 1543(b) citation was issued after he had entered a guilty plea to a charge which arose from the same episode and, thus, the constitutional protections against double jeopardy barred a subsequent prosecution for the § 1543(b) violation. Our Supreme Court rejected his argument and held that "a police officer does not 'know' a person has committed the offense of driving with a suspended license in violation [of] 75 Pa.C.S.A. § 1543, *until the officer has received [Penn-]DOT verification of the suspect's license suspension.*" *Rankin*, 715 A.2d at 445 (citing *Geyer*, 546 Pa. at 588–90, 687 A.2d at 816). Since the § 1543 violation was not

---

**6.** Section 5553(a) of the Judicial Code requires that proceedings for summary offenses, such as a § 1543 violation, commence "within thirty days after the commission of the alleged offense or within thirty days after the discovery of the commission of the offense or the identity of the offender, whichever is later...." 42 Pa.C.S.A. § 5553(a).

"known" to the trooper when he cited Geyer for speeding, double jeopardy did not bar the subsequent prosecution for driving while operating privileges are suspended. *See Geyer*, 546 Pa. at 594, 687 A.2d at 818.

¶ 10 In *Rankin*, this court similarly held that, for purposes of the statute of limitations, "a police officer does not 'discover' the commission of the offense of driving with a suspended license until the officer has received the suspect's certified driving record." *Rankin*, 715 A.2d at 445. There, the officer, in conjunction with a car accident investigation, checked Rankin's operator's license through his police radio and learned it was suspended. The officer confirmed the suspension with the Lancaster State Police the next day; however, the officer did not receive Rankin's certified driving record from Penn–DOT for approximately three weeks. Approximately four weeks after he received the certified record, the officer filed a citation against appellant for driving while operator's license is suspended. Rankin sought dismissal of the charge on the grounds that the officer filed the citation more than thirty days after the date the officer confirmed the suspension with the State Police. We held that the officer did not possess the evidence necessary to file the citation for driving with a suspended license until he received the certified record from Penn–DOT. *See id.* at 445–46. Since the officer filed the citation within thirty days of his receipt of the record, we upheld the conviction. *See id.*

■ ¶ 11 Examined within their context, the cases signify that a § 1543(b) citation issued after the initial stop, even after the defendant pleads guilty to another criminal offense arising from the same episode, is valid, so long as the officer issued the citation within thirty days after his receipt of the certified record. The case *sub judice* involves a different scenario. Here, the police officer issued the citation prior to his receipt of the accused's driving record. Consequently, neither the policy consideration raised in *Heckman*, *Rankin* and *Gamble* —whether the Commonwealth provided the accused with adequate notice of the offense charged and the penalties which might be imposed— nor the concern voiced in *Geyer* —whether the Commonwealth had issued successive citations arising from the same episode—exist here, where the statute of limitations had not expired before the issuance of the citation, and the lower court addressed all charges arising from appellant's stop at a single hearing. Simply put, the legal issue presented herein is not whether the police unreasonably delayed issuing the citation, but whether the officer issued the citation prematurely. We therefore find *Heckman*, *Rankin* and *Geyer* inapposite.[7]

¶ 12 The issue raised in the last case cited by appellant, *Elisco*, was whether the trial court improperly refused the Commonwealth's petition for a writ of certiorari when the issues contained in the petition were solely questions of law. *See Elisco*, 666 A.2d at 741. The district justice, relying on *Heckman*, 404 Pa.Super. 335, 590 A.2d 1261, had dismissed a citation for driving while operator's license is revoked due to a DUI since "[n]o attempt to verify the record was made either by phone, or police clean teletype or in any other manner prior to the issuance of the citation." *Elisco*, 666 A.2d at 741. The Commonwealth then filed a petition for a writ of certiorari, which the trial court dismissed on the grounds that the district jus-

---

7. We note here that appellant did not raise this issue before the district justice. *See* Pa. R.Crim.P. 90 ("A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a ... citation ... unless the defendant raises the defect before the conclusion of the summary trial. . . ."). If he had raised the issue, the Commonwealth would simply have petitioned to refile the charges, as it then possessed the certified driving record. *Cf., Commonwealth v. Sebek*, 716 A.2d 1266, 1268–69 (Pa.Super.1998)(Commonwealth could refile charges of DUI and related summary violations after magistrate dismissed charges for lack of

probable cause; dismissal of charges was not equivalent of a not-guilty verdict, and Commonwealth's case was extant until statute of limitations ran). The statute of limitations would not be implicated since the period of limitation is tolled when "a prosecution against the accused for the same conduct is pending in this Commonwealth." *See* 42 Pa.C.S.A. § 5554; *see also, Heckman*, 590 A.2d at 1265 (once investigating officer files citation, proceedings have commenced and the statute of limitations is tolled); *Commonwealth v. Allem*, 367 Pa.Super. 173, 532 A.2d 845 (1987).(same).

tice did not commit an error that was reviewable on certiorari. On appeal, we found that the trial court erroneously concluded that only procedural irregularities appearing on the face of the record were reviewable, and since the Commonwealth's petition raised issues of law rather than of fact, the trial court should have reviewed the petition. Offering guidance to the trial court, this court noted that "*Heckman* only requires that the suspension be verified prior to the *filing* of a citation, not the issuance of a citation." *Elisco*, 666 A.2d at 741. We opined that, as a matter of law, neither *Heckman* nor the verification requirements of § 1543(d) applied because the officer had issued rather than filed the citation. *See id.* We find *Elisco* inapplicable to the present case since it failed to address the issues raised here, to wit, the verification requirements of § 1543(d) and the question of prejudice.

■ ¶ 13 In the present case, as in *Powers*, the officer did not receive official verification from the Department of Transportation in the form of a certified driving record prior to filing the citation. This violation of § 1543(d) constitutes a defect in procedure. Rule 90, therefore, is applicable to the case at bar and places the burden upon appellant to demonstrate not merely the defect, but also that he suffered manifest and palpable harm as a result of the alleged noncompliance. *See* Pa. R.Crim.P. 90. Here, the original citation provided appellant with formal notice of the § 1543(b) charge, thereby informing him he was subject to the harsher penalties of that section and enabling him to prepare to defend himself at trial. The citation was filed prior to the expiration of the statute of limitations, and the officer received a copy of appellant's certified driving record prior to trial. Further, we find that the introduction of appellant's certified driving record into evidence at his trial adequately cured the procedural defect in the citation before any prejudice accrued to him. In sum, there is no evidence appellant suffered prejudice as a result of Officer Woll's failure to obtain the certified driving record prior to filing the citation. Therefore, dismissal of the charge and discharge of appellant are unwarranted. *See* Pa. R.Crim.P 90; *see also*

*Powers*, 681 A.2d at 193; *Neitzel*, 678 A.2d at 374–75.

¶ 14 For these reasons, we affirm the judgment of sentence.

¶ 15 *Judgment of sentence affirmed.*