J-A02037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS J. KERINS | |
| Appellee | No. 3399 EDA 2013 |

Appeal from the Order November 12, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004816-2012

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2015**

The Commonwealth of Pennsylvania appeals from the order entered November 12, 2013, in the Court of Common Pleas of Montgomery County, quashing the bills of information and striking the criminal complaint filed against Appellee, Thomas J. Kerins. After review, we reverse and remand for further proceedings.

The facts and history of this case are uncontested. On August 6, 2011, Appellee was arrested for driving under the influence – general impairment (second offense), driving under the influence – highest rate (second offense), and disregard of a traffic lane. A criminal complaint was filed on January 5, 2012. Subsequently, the magisterial district justice signed the complaint on January 9, 2012, after the affiant, Trooper Peter Burghart, verified the facts and accompanying affidavit of probable cause.

Appellee subsequently waived his right to a preliminary hearing. Prior to that time, Appellee did not raise any issues with respect to the disparity between the date the complaint was filed and the date it was signed by the issuing authority, or allege that the issuing authority did not sign the complaint in the presence of the affiant.

On November 6, 2012, Appellee filed a motion to quash the bills of information, arguing due process violations of the United States Constitution, Pennsylvania Constitution, and the Pennsylvania Rules of Criminal Procedure. The trial court heard argument and later issued an order granting Appellee's motion. The Commonwealth timely appealed, asserting that the trial court's order substantially handicapped the prosecution. *See* Pa.R.A.P. 311(d).

The Commonwealth frames the issue raised on appeal as follows.

> Whether the lower court erred by striking the criminal complaint and quashing the bills of information, where despite the fact that the district justice signed the criminal complaint several days after it was filed, defendant waived his objection by failing to raise it at the preliminary hearing and, moreover, defendant conceded that he suffered no prejudice from the defect?

Commonwealth's Brief at 5.

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Wyland*, 987 A.2d 802, 804-805 (Pa. Super. 2010) (internal quotes and citations omitted).

The Commonwealth argues that the trial court's dismissal of the complaint directly contradicts Pennsylvania Rule of Criminal Procedure 109, which provides:

> **Rule 109. Defects in Form, Content, or Procedure**
>
> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, **unless the defendant raises the defect** before the conclusion of the trial in a summary case or **before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant**.

(emphasis added). The Commonwealth asserts that Appellee has waived any challenges to the complaint because he did not raise them at the preliminary hearing. The Commonwealth additionally contends that even if Appellee had properly preserved a challenge to the complaint, he did not establish prejudice. Our examination of this issue is one of statutory interpretation, which is a matter of law. Thus, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Spence*, 91 A.3d 44, 46 (Pa. 2014) (citation omitted).

> When construing a [statutory provision] utilized by the General Assembly in a statute, our primary goal is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." *Id.* However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *Id.* § 1921(b). "Words and phrases shall be construed according to

rules of grammar and according to their common and approved usage." *Id.* § 1903(a). In other words, if a term is clear and unambiguous, we are prohibited from assigning a meaning to that term that differs from its common everyday usage for the purpose of effectuating the legislature's intent. Additionally, we must remain mindful that the "General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." *Id.* § 1922(1).

*Commonwealth v. Cahill*, 95 A.3d 298, 301 (Pa. Super. 2014).

The plain language of Rule 109 mandates that a case shall not be dismissed due to a defect in the form, content or procedure of a complaint unless 1) "the defendant raises the defect … before the conclusion of the preliminary hearing in a court case" and 2) "the defect is prejudicial to the rights of the defendant." The *Comment* to Rule 109 explains that "[o]rdinarily, if a defendant does not raise a defect … before the conclusion of the preliminary hearing, the defendant cannot thereafter raise the defect as grounds for dismissal or discharge at a later stage in the proceedings." In order to satisfy the prejudice prong required for dismissal under Rule 109, a defendant must demonstrate that he suffered "manifest and palpable harm as a result of the alleged noncompliance." *Commonwealth v. Gillmore*, 726 A.2d 1063, 1067 (Pa. Super. 1999) (analyzing Pa.R.Crim.P. 90, a precursor to current Rule 109).

Instantly, it is undisputed that Appellee did not raise a challenge to the form or procedure of the complaint prior to the time at which he waived his preliminary hearing. Appellee additionally concedes that he received sufficient and proper notice of the charges filed against him. Indeed,

defense counsel frankly admitted, "I'm not going to claim there is prejudice as a result of it. There is no prejudice. We can defend the case if needed." N.T., Hearing, 11/7/13 at 9-10. Nonetheless, Appellee argued, and the trial court agreed, that Rule 109 is inapplicable to this case. In granting Appellee's motion and dismissing the complaint, the trial court determined that the magisterial district justice's failure to sign and verify the complaint *prior* to accepting the complaint for filing in violation of Pennsylvania Rule of Criminal Procedure 508[1] was not a defect for the purposes of Rule 109, but rendered the complaint void from its inception, for which there was no remedy. Alternatively, the trial court agreed with Appellee's argument that the complaint was additionally void because "the district justice did not sign/verify the compliant in the presence of the affiant as it says in the sworn portion of the document." Trial Court Opinion, 5/7/14 at 6.

We disagree with the positions advanced by the Appellee and the trial court. In its opinion, the trial court implicitly adopts the argument advanced by Appellee that a "defect" under Rule 109 is limited to an omission of the requirements enumerated in Pennsylvania Rule of Criminal Procedure 504, relating to **Contents of Complaint**. *Id*. at 5-6. Nothing in the plain language of Rule 109 limits a defect warranting dismissal of a complaint to

---

[1] Rule 508(A)(1) provides that the issuing authority shall certify on the complaint, prior to filing, that the "complaint has been properly completed and executed."

- 5 -

an omission of content under Rule 504; nor does Appellee provide any legal authority to support this narrow interpretation. More importantly, this restrictive reading of Rule 109 flatly ignores the fact that the rule's title and context clearly encompasses "**Defects in Form, Content,** *or Procedure*" (emphasis added).

The history of Rule 109 further illustrates that precursors to that rule were specifically amended to include reference to procedural defects. As noted by an en banc panel of this Court in **Commonwealth v. Schimelfenig**, 522 A.2d 605 (Pa. Super. 1987), prior Pennsylvania Rule of Criminal Procedure 150 (which Rule 109 was enacted to replace, **see** Rule 109 *Comment*) was amended because cases were

> being dismissed for minor, technical failures to comply with the procedures for the institution and conduct of proceedings before the minor judiciary, as set forth in Chapters 50 and 100 of the Rules. The Committee realized that this probably occurs because present Rule 150 does not specifically refer to the effect or consequences of non-compliance with or defects in the procedures.... It was agreed that specific language addressing procedural defects would make Rule 150 clearer and would thereby avoid improper case dismissals.

*Id*. at 611-612 (citing Report of Procedural Rules Committee, "Proposed New Pa.R.Crim.P. 70 and Amendment to Pa.R.Crim.P. 150," *Pennsylvania Bulletin,* Vol. 11, No. 29, at 2550 (July 18, 1981)).

Here, the magisterial district justice undisputedly failed to sign and verify the complaint prior to accepting the complaint for filing, which we find constitutes a defect in procedure. **See**, **e.g.**, **Gillmore**, **supra** (holding that officer's failure to receive Appellant's certified driving record prior to issuing

citation for driving while license is revoked due to a DUI in violation of the verification provisions of 75 Pa.C.S.A. § 1543(d) constituted a defect in procedure under former Rule 90). Rule 109 is therefore applicable to the case at bar, and it is incumbent upon Appellee to establish not only a defect, but also that he suffered "manifest and palpable harm as a result of the alleged noncompliance." ***Id***.

As previously noted, Appellee did not raise this defect in procedure at the preliminary hearing. On this basis, we conclude that Appellee has waived his allegation of error. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 523 A.2d 817 (Pa. Super. 1987) (defendant's failure to object to untimely filed complaint until one and one-half years after preliminary hearing rendered claim waived under prior Rule 150).

Moreover, even if we were to ignore the issue of waiver, "[a]s a condition of relief regardless of whether the defect is in form, content, or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant." Pa.R.Crim.P. 109, *Comment*. Here, despite Appellee's concession that "[t]here is no prejudice" as a result of the magisterial district justice's error, the trial court independently determined that "the prejudice lies in that, from the start, this Defendant's presumption of innocence was ignored…. The process of filing a criminal complaint against an individual and figuring out if there is basis to do so afterwards, defies common sense and flies in the face of due process." Trial Court Opinion, 5/7/14 at 8. While we certainly do not sanction the district

justice's error in this instance, we do not agree that the error resulted in manifest prejudice.

The filing of the complaint provided Appellee with formal notice of the charges against him, enabling him to prepare for trial. Although not signed by the magistrate when initially filed, this error was rectified in a timely fashion. We further note that Appellee does not argue that the error was rectified after the expiration of the statute of limitations for crimes with which he was charged. Under these circumstances, we find that such technical non-compliance with the Rules of Criminal Procedure did not deprive Appellee of any constitutional rights or otherwise result in "manifest or palpable harm" such that would warrant dismissal of the complaint.

We likewise reject the argument accepted by the trial court that the complaint filed in this matter was void because the magistrate did not review and sign the complaint "in the presence of the affiant." Appellee's Brief at 4. Rule 504 provides that a complaint shall contain, *inter alia*, a "verification by the affiant that facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities," as well as "the signature of the affiant and the date of execution of the complaint." Pa.R.Crim.P. 504(11), (12). Additionally, Rule 508 requires that the issuing authority shall certify on the complaint, prior to filing, that the "complaint has been properly completed and executed." Pa.R.Crim.P. 508(A)(1).

The trial court imparts a visual requirement that the affiant must appear personally before the magistrate to verify the complaint. We find no support for such a contention either in Rules 504 and 508 or in relevant case law. To the contrary, as aptly noted by the Commonwealth, a panel of this Court in **Commonwealth v. Bruder**, 528 A.2d 1385 (Pa. Super. 1987), *rev'd on other grounds*, **Pennsylvania v. Bruder**, 488 U.S. 9 (1988), specifically held that "we discern no language in the rule, or in the comments to the rule, which require the police to personally appear and verify the complaint before the district justice involved in the case." **Id**. at 1386 (referencing former Rule 134, a precursor to current Rule 508). As the trial court clearly imposed an additional requirement outside of that mandated by Rules 504 and 508, we find that dismissal based on the verification of the complaint out of the presence of the affiant was in error.[2]

Based on the foregoing, we conclude that dismissal of the complaint and the discharge of Appellee was unwarranted. We therefore reverse the trial court's order quashing the bill of information and striking the criminal complaint and remand for further proceedings.

---

[2] In support of this theory, the trial court relies upon the Montgomery County Court of Common Pleas decision in **Commonwealth v. Wiggins**, No. 1600-11 (C.P. Montgomery Feb. 19, 2014), *aff'd*, 2578 EDA 2013 (Pa. Super., filed Dec. 9, 2014). That decision, which involved the lack of simultaneous audio-visual communication during the search warrant issuing process in violation of Pa.R.Crim.P. 203(C), is plainly inapposite. As noted, there is no simultaneous visual requirement in Rules 504 or 508.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015