J-S30027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMANTHA NICO HIGGINSON | : | |
| | : | |
| Appellant | : | No. 2028 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 16, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-SA-0000143-2024

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 24, 2025**

Samantha Nico Higginson (Appellant) appeals from the judgment of

sentence imposed following her trial *de novo* and summary convictions of

traffic-control signals – steady red indication and driving while operating

privilege is suspended (driving under the influence (DUI) related).[1]  After

careful review, we affirm.

The trial court summarized the relevant factual history as follows:

On March 23, 2023, Horsham Township Police Department
Corporal Robert Johnson [(Corporal Johnson)] was in uniform []
in a marked patrol car when he observed a black Mercedes sedan
… traveling south on Easton Road in Horsham Township,
Montgomery County.  At approximately 11:47 a.m. on March 23,
2023, Corporal Johnson observed the black Mercedes fail to stop

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3112(a)(3)(i), 1543(b)(1)(ii).  Appellant's red light violation
is not at issue in the instant appeal.

for a steady red light at the intersection of Easton Road and Maple Avenue. As a result, Corporal Johnson initiated a traffic stop on Easton Road near Columbia Avenue for a violation of the [M]otor [V]ehicle [C]ode. [] Corporal [Johnson] made contact with the operator of the black Mercedes, who[m] he later identified as Appellant. [C]orporal [Johnson] identified himself and requested Appellant's driver's license, registration, and insurance information. Appellant told Corporal Johnson that she did not have her driver's license, and the sedan did not belong to her, so she did not know where the paperwork was located.

Corporal Johnson obtained Appellant's name and date of birth and returned to his patrol car to check the status of Appellant's driver's license. The driver's license query revealed that Appellant's license was suspended, DUI related. The date of the traffic stop was within the suspension period.

As a result, Corporal Johnson issued a citation for failing to stop at a stead[y] red light and driving while operating privileges [are] suspended. [Corporal Johnson] testified that Appellant had told him her license had been restored, and he had responded that, if she brought the restoration letter from [the Pennsylvania Department of Transportation (PennDOT)] into the district court at the time of the hearing, he would withdraw the citation for driving under suspension.

Trial Court Opinion, 2/28/25, at 2-3 (citations and footnote omitted).

Pertinently, the driving under suspension citation charged Appellant under 75 Pa.C.S.A. § 1543(a), which concerns license suspensions that are *not* DUI related. **See** Defense Exhibit D-1 (Citation), 3/23/23. However, under the section marked "Nature of Offense," Corporal Johnson expressly noted, "Operated vehicle with suspended license (DUI Related)." **Id.**

During the stop,

Corporal Johnson entered the citation into his computer system, but was unable to print the citation and hand Appellant a copy at the site of the traffic stop due to an issue with the patrol vehicle's computer. Because the citation was filed in the computer system,

it was automatically sent to district court. At the conclusion of the stop, Corporal Johnson advised Appellant that she would receive a copy of her citation in the mail.

Prior to the end of his shift on March 23, 2023, but after Corporal Johnson issued the citation, he returned to the police station and printed Appellant's certified driving history from [PennDOT]. The certified driving history verifies the details of a license suspension. In addition, … officers [typically] send a certified driving history with citations for operating a vehicle under suspension so the[ district court] can determine the appropriate fine. Corporal Johnson placed Appellant's certified driving history in the bin of citation documents to go to the district court…. Corporal Johnson described his understanding of the district court procedure as, once they receive the driving history, they enter the fine amount on the citation and then mail it to defendants with a hearing date.

Trial Court Opinion, 2/28/25, at 4-5 (citations omitted).

According to the trial court, the district court noted the discrepancy between the section cited and the "Nature of Offense" description contained in the citation:

Shortly after [Corporal Johnson] submitted the citation, he received an email from the district court clerk questioning the subsection listed on the citation because of the notation in the "Nature of [] Offense" box stating, "Operated vehicle with suspended license (DUI Related)." Corporal Johnson explained that the subsection should be 1543(b), not (a), because Appellant was driving under suspension, DUI related. The district court clerk asked [Corporal Johnson] to amend the citation to show the correct charge. At that time, Corporal Johnson was on night work[,] and the district court was closed during his shift. [Corporal Johnson] waited until he was back on day work, which was less than three weeks from the date of the traffic stop, to go to the court to amend the citation from 75 Pa.C.S.A. § 1543(a) to 75 Pa.C.S.A. § 1543(b)(1)(ii). Both Corporal Johnson and Magisterial District Justice Harry J. Nesbitt[,] III[,] initialed the amended notation on the citation. The district court clerk told Corporal Johnson that she would mail the amended citation to Appellant, as was the district court's practice.

- 3 -

*Id.* at 5-6 (citations omitted).

Following a summary trial on March 12, 2024, the district court found Appellant guilty of the red light violation and driving while operating privileges are suspended (DUI related). Appellant promptly filed a notice of appeal from her summary convictions.

On April 16, 2024, Appellant filed a motion to dismiss the section 1543(b)(1)(ii) charge. Appellant argued the district court improperly directed Corporal Johnson to appear in court, *ex parte*, to amend the citation. Motion to Dismiss, 4/16/24, ¶ 5. Appellant also asserted Corporal Johnson was required to verify the basis of the prior suspension before filing a citation. *Id.*, ¶¶ 6-7 (citing 75 Pa.C.S.A. § 1543(d)). Additionally, Appellant claimed she was never served with the amended charge. *Id.*, ¶¶ 11-12.

The trial court conducted a hearing on Appellant's motion to dismiss on May 16, 2024. During the hearing, Trooper Johnson explained why the citation listed subsection 1543(a):

> So at the time [of the traffic stop], my intention was to issue a citation for 1543(b). And this was the first time I was doing a 1543(b) electronically. All the previous times that I wrote the citation out where I … filled in the blocks on the written citation, I always put 1543(b), not (b)(1)(i); not (b)(1)(ii)[;] it was always (b). And [for] over 16 years, nobody ever mentioned to me about there is more to it than just (b). I was never corrected. I was never advised.
>
> So when I went to do the electronic ticket, I was looking for 1543(b), and I put it in the box and (b) didn't come up. It came up with, you know, like I said, (b)(1)(i), (b)(1)(ii). And I am thinking to myself, well, I don't know what that is, and I didn't

- 4 -

take the time to look it up. So in my mind, I was thinking, well, during my interaction with [Appellant], … when I advised [Appellant] that her license was suspended, and she told me that her license was restored and she had the restoration paperwork from PennDOT at home. I told her, okay, bring the restoration paperwork with you to district court at the time of the hearing, I will help you out with the citations. I will withdraw the 1543(a) and work it out regarding the red light violation so you don't end up with any points on your license.

… [A]t the conclusion of the stop, I told [Appellant] that she would receive her citations in the mail.

N.T. (Motion to Dismiss), 5/16/24, at 11-13.

Corporal Johnson testified he printed Appellant's certified driving history and "ma[d]e sure that the court got that the following day." *Id.* at 13. According to Corporal Johnson, the district court asked for clarification concerning the appropriate charge after receiving the certified driving history and noting Appellant's license suspension was related to a DUI. *Id.* at 13-14. Corporal Johnson stated the district court asked him to amend the citation, which he did "18 days or 19 days after the original traffic stop." *Id.* at 14. Further, Corporal Johnson explained he did not serve Appellant with the amended citation because the district court's practice is to mail citations. *Id.* at 23.

At the close of the hearing, the trial court directed the parties to submit memoranda of law on the issue. Appellant and the Commonwealth complied. On July 2, 2024, the trial court entered an order denying Appellant's motion to dismiss the subsection 1543(b)(1)(ii) charge.

The case proceeded to a trial *de novo* on July 9, 2024.[2] The trial court did not render a verdict at that time, and instead indicated it would issue "a timely order." N.T. (Trial), 7/9/24, at 26. Later that same date, the trial court filed an order finding Appellant guilty of both the red light violation and driving under suspension (DUI related, second violation). The trial court imposed a $25 fine for the red light violation and a $1,000 fine for the driving under suspension conviction.[3]

_____

[2] During the *de novo* trial, the Commonwealth introduced into evidence a copy of Appellant's certified driving history, which confirms her prior conviction of driving under suspension (DUI related). **See** Commonwealth's Exhibit C-1.

[3] Typically, "[i]n a criminal case in which no post-sentence motion has been filed, the date of imposition of sentence in open court shall be deemed the date of entry of the judgment of sentence." Pa.R.A.P. 108(c)(2); **see also** Pa.R.A.P. 903(c)(3) (notice of appeal in a criminal case to be filed within 30 days of the imposition of a judgment of sentence in open court); Pa.R.A.P. 301(a)(2) ("In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court."). However, where, as here, the trial court does not impose a sentence in open court, "the time for appeal runs from the date the court imposes sentence, informs the defendant of his right to appeal within 30 days, and enters judgment on the docket." **Commonwealth v. Heyboer**, 280 A.3d 331, 333 n.1 (Pa. Super. 2022) (citation omitted).

Instantly, while the sentencing order was entered on July 9, 2024, the docket reflects a service date of July 16, 2024. We therefore apply the general rule that "the date of entry of an order … shall be the day the clerk of the court … mails or delivers copies of the order to the parties…." Pa.R.A.P. 108(a)(1); **see also** Pa.R.Crim.P. 114(C)(2) (docket entries shall include the date of service of an order). Accordingly, the date of the judgment of sentence was July 16, 2024, the date the clerk of courts served the sentencing order on the parties.

This timely appeal followed.  Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant now raises the following issue for review:

Whether the trial court erred in denying Appellant's motion to dismiss and convicting her of driving under suspension – DUI-related[,] where Appellant had been charged with driving under suspension – non-DUI related[,] and the citation was inappropriately amended to the DUI-related charge and never filed of record or served on Appellant pursuant to the applicable Rules of Criminal Procedure[?]

Appellant's Brief at 4.

Appellant asserts Corporal Johnson improperly provided the district court with a copy of Appellant's certified driving record, which permitted the court to review evidence *ex parte*.  **Id.** at 9.  Appellant claims this process "was an egregious violation of [her] due process rights[,] which ultimately [led] to an impermissible amendment to the charge." **Id.**; **see also id.** at 13 ("The officer and the magisterial district judge affixed their initials to a change in a charge which was never issued, filed or served.").  According to Appellant, Corporal Johnson failed to verify the basis for Appellant's license suspension prior to issuing the citation, in contravention of 75 Pa.C.S.A. § 1543(d).  Appellant's Brief at 10.  Appellant also claims she was never served with the amended citation.  **Id.** at 10-11.  In fact, Appellant argues, the section 1543(b) charge was never filed.  **Id.** at 13.

Our examination of this issue is one of statutory interpretation, which is a question of law. **See Commonwealth v. Watts**, 283 A.3d 1252, 1255 (Pa.

- 7 -

Super. 2022). "[T]herefore[,] our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** (citation omitted).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable. Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

***Commonwealth v. Wise***, 171 A.3d 784, 788 (Pa. Super. 2017) (paragraph break, quotation marks, and some citations omitted).

Appellant asserts Corporal Johnson violated section 1543 of the Motor Vehicle Code, which provides, in relevant part, as follows:

> **§ 1543. Driving while operating privilege is suspended or revoked**
>
> **(a) Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on a highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.
>
> **(b) Certain offenses.--**
>
>> (1) The following shall apply:
>>
>>> (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving

under the influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

(ii) A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days.

* * *

**(d) Citation of appropriate subsection.--**Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

75 Pa.C.S.A. § 1543(a), (b)(1), (d).[4]   This Court has explained that the purpose of subsection 1543(d) "is to ensure that a violator is properly notified that, in addition to the penalties for violation of [section] 1543(a), the harsher penalties of [section] 1543(b) apply…." **Commonwealth v. Gillmore**, 726 A.2d 1063, 1064 (Pa. Super. 1999); **see also Commonwealth v. Baldwin**,

_____

[4] We note that this Court has deemed unconstitutional the portion of section 1543(b)(1)(ii) mandating a 90-day term of imprisonment for a second driving under suspension (DUI related) offense, as the language did not provide for both a minimum and maximum term. **Commonwealth v. Jackson**, 271 A.3d 1286, 1288 (Pa. Super. 2022). Nevertheless, we have continued to uphold the increased fine dictated by section 1543(b)(1)(ii). **See id.**

8 A.3d 901, 903 (Pa. Super. 2010) (explaining that an essential element of a criminal defendant's procedural due process rights is reasonable notice of the charges against him).

There is no dispute that the original traffic citation identified a violation of 75 Pa.C.S.A. § 1543(a). We must therefore consider whether Corporal Johnson's failure to comply strictly with section 1543(d) (requiring citation of the appropriate subsection) is a fatal defect, such that dismissal of the charge is the appropriate remedy. Concerning defects in form, content, or procedure, Pa.R.Crim.P. 109 provides as follows:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a … citation …, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, **and the defect is prejudicial to the rights of the defendant**.

Pa.R.Crim.P. 109 (emphasis added).

Here, Appellant raised her challenge to the form and content of the citation in a motion to dismiss filed prior to trial, and during her *de novo* summary trial. The trial court concluded, however, that Appellant failed to establish she suffered actual prejudice resulting from the alleged defect. *See* Trial Court Opinion, 2/28/25, at 12-13. We agree.

During the motion to dismiss hearing, Corporal Johnson testified that during the traffic stop, Appellant was unable to produce her driver's license. N.T., 5/16/24, at 5. Appellant provided her name and birthdate, and Corporal

Johnson used the information ascertain whether Appellant had a valid driver's license. *Id.* at 5-6. The search revealed that Appellant's license was suspended for a DUI-related offense. *Id.* at 6; *see also* Commonwealth's Exhibit C-1 (Certified Driving History) (indicating a January 14, 2022, conviction of DUI – high rate of alcohol, and a one-year license suspension commencing on August 29, 2022). Corporal Johnson printed a copy of Appellant's certified driving history later that day. N.T., 5/16/24, at 13.

Notwithstanding his difficulties with inputting the relevant subsection of 75 Pa.C.S.A. § 1543 into the electronic citation, it is clear, based upon Corporal Johnson's testimony, that he and Appellant discussed her DUI-related suspension, which was in effect at the time of the stop. *See* N.T., 5/16/24, at 9, 12. When Appellant indicated her license had been restored, Corporal Johnson told Appellant she could bring the restoration paperwork to district court, and he would amend the citations accordingly. *Id.* at 12. Further, because Corporal Johnson intended to cite Appellant under section 1543(b), when he instead entered section 1543(a) in the electronic form, he wrote "Operated vehicle with suspended license (DUI Related)" in the "Nature of Offense" block to clarify his intention. *Id.* at 12-13.

We conclude that under these circumstances—including Corporal Johnson's discussions with Appellant at the scene and the additional description of the "Nature of Offense" written on the citation—Appellant had actual notice of the section 1543(b) charge and the harsher penalties

attendant to that charge. Thus, Appellant did not establish "manifest and palpable harm" resulting from the procedural defect, and the trial court correctly determined dismissal of the charge was not warranted. **Gillmore**, 726 A.2d at 1067 (concluding that, while officer's failure to obtain the defendant's certified driving record prior to filing the section 1543(b) citation was a defect in procedure, the defendant was given formal notice of the charge and increased penalties, and therefore was not prejudiced by the defect);[5] **see also** Pa.R.Crim.P. 109, *Comment* ("As a condition of relief regardless of whether the defect is in form, content, or procedure, the court … must determine that there is actual prejudice to the rights of the defendant."). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025

---

[5] The **Gillmore** Court applied former Pa.R.Crim.P. 90 (repealed), which is now subsumed by Rule 109.